FILED

OCT 7 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 4:20CR636 HEA/SPM |
| v. ) | |
| ) | |
| DEMARCO A. JACKSON, SR., ) | |
| ) | |
| Defendant. ) | |

### INDICTMENT

The Grand Jury charges that:

### The Defendant

1. At all times relevant to this Indictment, defendant **Demarco A. Jackson, Sr.** was a resident of St. Louis, Missouri, within the Eastern Division of the Eastern District of Missouri. Defendant is the owner of We Care, Inc., a business that provides personal care services that are funded by the Missouri Medicaid program.

### Background

### The Missouri Medicaid Program

2. The Missouri Medicaid Program is a health care benefit program within the meaning of 18 U.S.C. § 24(b) that affects interstate commerce and provides low income citizens of Missouri with medical benefits, items, and services. Funded by federal and state tax revenue, the Missouri Department of Social Services administers the Missouri Medicaid Program under federal law, with guidance from the United States Department of Health and Human Services.

3. Under certain circumstances, the Missouri Medicaid program provides reimbursement for personal care services delivered to beneficiaries in the home setting. Personal

care services include meals, the cleaning and grooming of the beneficiary, medication management, and other services. The goal of personal care services is to enable the beneficiary to remain in the home setting with just outpatient treatment instead of long term inpatient stays in hospitals and nursing homes.

4. All Medicaid providers, including personal care providers, must retain fiscal and medical records that fully document services billed to Medicaid for five years from the date of service, and must furnish or make the records available for inspection or audit by the Missouri Medicaid Program or its representative upon request. Failure to furnish, reveal, or retain adequate documentation for services billed to the Medicaid Program may result in recovery of the payments for those services not adequately documented and may result in sanctions to the provider's participation in the Medicaid Program.

5. For personal care services, the records required by the program include time sheets containing the name of the personal care attendant, the name of the beneficiary, the dates of service delivery, the time spent with the beneficiary, the daily care activities performed on each date, and the beneficiary's signature for each visit. Typically, Missouri Medicaid uses the amount of hours spent providing personal care services when calculating the amount of reimbursement to provide, making the accuracy of the records regarding which personal care services were performed over what timeframe material to the program.

**Defendant's False Claims to the Missouri Medicaid Program**

6. In June 2014, Defendant completed and signed a Medicaid enrollment application on behalf of his business We Care, Inc.

7. Typically, Defendant Jackson should have used the time sheets, in which the provided services were attested to by the beneficiaries and their caregivers, as the basis for determining how much to bill the Missouri Medicaid program.

8. On or about July 25, 2015, F.A. enrolled with We Care, Inc. to receive personal care services. On or about September 26, 2015, A.A. enrolled with We Care, Inc. to receive personal care services. Beneficiaries A.A. and F.A., who are husband and wife, were residents of the Eastern District of Missouri and were authorized to receive personal care services through the Missouri Medicaid Program. A.A. and F.A.'s caretaker was their daughter-in-law, J.A.

Medicaid Billing During A.A. and F.A's International Travel in 2016

9. According to travel records from the U.S. Department of Homeland Security, U.S. Customs and Border Protection, A.A. and F.A. travelled internationally from on or about January 10, 2016 to June 26, 2017. Within approximately one month of their departure, Defendant Jackson was notified that A.A. and F.A. were out of town and were not receiving personal care services from J.A.

10. Defendant Jackson was responsible for causing the submission of fraudulent claims to Missouri Medicaid for personal care services A.A. and F.A. had not actually received from J.A. Defendant Jackson did not receive time sheets of personal care services provided to A.A. and F.A. at any point after on or about March 4, 2016, and thus, had no basis on which to submit claims for reimbursement to Missouri Medicaid.

Medicaid Billing During A.A. and F.A's International Travel in 2018

11. According to travel records from the U.S. Department of Homeland Security, U.S. Customs and Border Protection, A.A. and F.A. again travelled internationally from on or about April 11, 2018 to December 24, 2018. Within approximately one month of their departure,

Defendant Jackson was aware that A.A. and F.A. were out of town and were not receiving personal care services from J.A.

12.     At no point after April 13, 2018 did J.A., A.A. and F.A. submit time sheets reflecting personal care services.

13.     Defendant Jackson was responsible for causing the submission of fraudulent claims to Missouri Medicaid for personal care services A.A. and F.A. had not actually received from J.A.

### Counts 1-6

14.     Paragraphs 1 through 13 are incorporated by reference, as if fully set forth herein.

15.     On or about the dates listed below, in St. Louis, Missouri, in the Eastern Division of the Eastern District of Missouri, and elsewhere,

**DEMARCO A. JACKSON, SR.,**

the defendant herein, made and caused to be presented to the Missouri Medicaid program claims upon and against the United States, that is, claims for personal care services rendered by Defendant's company, We Care, Inc., to beneficiaries with the initials A.A. and F.A., knowing that the claims were materially false, fictitious, and fraudulent in that the defendant then and there well knew said statements and representations were false, fictitious, and fraudulent, as A.A. and F.A. were traveling abroad and thus We Care, Inc. was not providing any personal care services in the home setting to them on the dates and times for which the claims were submitted.

4

| Count | Recipient | Date of Service | Date Claim Submitted for Payment | Amount Billed | Amount Paid | Paid Date | Actual Location of F.A. and A.A. on Date of Service |
|---|---|---|---|---|---|---|---|
| 1 | F.A. | 6/12/2016-6/18/2016 | 6/24/2016 | $285.00 | $275.10 | 6/24/2016 | Amman, Jordan |
| 2 | F.A. | 7/15/2018-7/21/2018 | 7/27/2018 | $435.00 | $380.52 | 7/27/2018 | Doha, Qatar |
| 3 | F.A. | 8/12/2018-8/18/2018 | 8/24/2018 | $390.00 | $380.52 | 8/24/2018 | Doha, Qatar |
| 4 | A.A. | 6/12/2016-6/18/2016 | 6/24/2016 | $345.00 | $330.12 | 6/24/2016 | Amman, Jordan |
| 5 | A.A. | 7/15/2018-7/21/2018 | 7/27/2018 | $435.00 | $434.88 | 7/27/2018 | Doha, Qatar |
| 6 | A.A. | 8/12/2018-8/18/2018 | 8/24/2018 | $390.00 | $380.52 | 8/24/2018 | Doha, Qatar |

All in violation of Title 18, United States Code, Sections 287 and 2.

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
MEREDITH L. REITER, #6325095(IL)
Assistant United States Attorney